Israel J. and Martha Weinberg v. Commissioner.
Weinberg v. Commissioner
Docket no. 5340-67.
United States Tax Court
T.C. Memo 1969-3; 1969 Tax Ct. Memo LEXIS 292; 28 T.C.M. (CCH) 10; T.C.M. (RIA) 69003; January 7, 1969, Filed Israel J. Weinberg, pro se, 44 Harris St., Brookline, Mass. Joel Gerber, for the RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioners' income tax for the year 1965 in the amount of $97.91. The only issue is whether payments made by petitioners for nursery school, summer camp and related transportation costs for their two young children are deductible as expenses for medical care under section 213 of the 1954 Code. Findings of Fact Some of the facts are stipulated and are incorporated herein by reference. Petitioners Israel J. Weinberg and Martha Weinberg are husband and wife who resided in *293 Brookline, Massachusetts, at the time of the filing of the petition herein. They filed their joint Federal income tax return for the year 1965 with the district director of internal revenue at Boston, Massachusetts. Petitioners have two sons who were three and five years old, respectively, during the taxable year 1965. When the older child, David, was three years old it became evident to petitioners that his speech development was abnormal. They consulted their pediatrician, Dr. Irving Silverman who, in turn, recommended that they see a Dr. Albert Murphy of the Boston University Speech Clinic Dr. Murphy examined the child and concluded that David should have more contact with normal speaking children of his own age. He specifically mentioned that situations such as nursery schools and summer camps would help "promote proper speech development." Dr. Silverman was in agreement with this view. Later, when David's brother Herbert was nearing three years of age it appeared that he too had a similar speech disorder. Accordingly, similar treatment was recommended. Even though both doctors recommended attendance at nursery schools and camps, neither recommended any particular schools *294 11 or camps. They did not require that the schools or camps chosen by petitioners offer any particular type of treatment or have any special facilities for children with speech defects. Apparently, all that was prescribed was that the children be placed in an environment where they could associate with other children of the same age. Mr. Weinberg understood, however, that a number of children have speech problems and that nursery school teachers generally have some training in dealing with such problems. During 1965 petitioners sent their children to two nursery schools (Young Israel Nursery School and Maimonides School) and a summer camp (Pleasant Valley Day Camp). The nursey schools were in the general vicinity of petitioners' home, but the summer camp was located in the Catskills in New York near a cottage occupied by Mrs. Weinberg's parents with whom Mrs. Weinberg was visiting during that summer. Mr. Weinberg was not aware that either of the schools or the camp offered a program designed to treat children with speech problems. Only one of the schools, Young Israel Nursery School, had a speech therapist on its staff, but that circumstance "was not the reason [petitioners] *295 * * * sent [their child] * * * there, it just so happened she was a speech therapist." The schools and camp selected by petitioners were no different from the type of nursery schools and summer camps selected by parents having children with normal speech patterns who are not seeking special treatment for their children. Respondent disallowed petitioners' deduction for the tuition and travel expenses related to the attendance of the Weinberg children at the nursery schools and the summer camp, totalling $445. Opinion RAUM, Judge: Section 213 of the 1954 Code allows a deduction for amounts paid for medical care. [1] The regulations under this section provide that educational costs may be treated as a medical expense where an individual attends a "special school" having resources or facilities for alleviating mental or physical handicaps and these resources or facilities are a "principal reason for his presence there." [2]
*296 A careful examination of the facts in the present case reveals that neither the schools 12 nor the camp attended here qualifies as a "special school" as the term is used in the regulations. In fact, petitioners chose the schools and camp because they were "normal" rather than "special." Moreover, where one school in fact had special resources, a speech therapist, Mr. Weinberg admitted that this was of no consequence in the selection of the school. The schools selected by petitioners were not specifically recommended by the children's doctors and their programs were not designed to deal with the problem of speech impediments. The "care" recommended here tended more to the alteration of the children's general environment than the kind of individual treatment contemplated by the regulations. In this respect the present case is similar to Edward S. Enck, 26 T.C.M. 314, where the taxpayers sent their child to a school and camp having a "more closely supervised environment." Since neither had any special resources for the treatment of the psychiatric problem there involved the taxpayer's deduction was disallowed. The same result was reached in Maurice Feinberg, 25 T.C.M. 777, *297 where the petitioners' handicapped child attended a private school which provided no special medical services. See H. Grant Atkinson, Jr., 44 T.C. 39; Arnold P. and Grete M. Grunwald, 51 T.C. 108. It is not enough for petitioners to argue that attendance at the above schools was helpful in the alleviation of the children's speech impediments. For, as was noted in Arnold P. Grunwald, supra, at p. -: In a case of this type it is incumbent on the taxpayer claiming a deduction for the cost of sending his handicapped child to a school not regularly engaged in providing medical services to establish that the services received are primarily medical in nature and not educational. It is not enough * * * to show that "therapeutic benefits" were derived from the services * * * received * * *. That fact alone is insufficient to make such services medical rather than educational. Petitioners argue that the facts presented here are closer to those in Estate of Reuben A. Baer, 26 T.C.M. 170, than to the facts in some of the cases cited above. We think otherwise. Baer was a close case in which the Court stressed the "unusual facts and circumstances" *298 before it in "[drawing] the line" in favor of the taxpayers. The child therein was congenitally deaf, "special interest" was taken in her at the school in question, and "the curriculum designed for her consisted of special classes" to alleviate her speech handicap. The circumstances in the present case are quite different from those deemed to be controlling in Baer. Decision will be entered for the respondent. Footnotes
1. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction. - There shall be allowed as a deduction the following amounts of the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent (as defined in section 152): * * * (e) Definitions. - For purposes of this section - (1) The term "medical care" means amounts paid - (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), * * * ↩
2. Sec. 1.213-1, Income Tax Regs. * * * (e) Definitions - (1) General. (i) The term "medical care" includes the diagnosis, cure, mitigation, treatment, or prevention of disease. Expenses paid for "medical care" shall include those paid for the purpose of affecting any structure or function of the body, for accident or health insurance, or for transportation primarily for and essential to medical care. Amounts paid for hospitalization insurance, for membership in an association furnishing cooperative or so-called free-choice medical service, or for group hospitalization and clinical care are expenses paid for medical care. (ii) Amounts paid for operations or treatments affecting any portion of the body, including obstetrical expenses and expenses of therapy or X-ray treatments, are deemed to be for the purpose of affecting any structure or function of the body and are therefore paid for medical care. Amounts expended for illegal operations or treatments are not deductible. Deductions for expenditures for medical care allowable under section 213 will be confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness. Thus, payments for the following are payments for medical care: hospital services, nursing services (including nurses' board where paid by the taxpayer), medical, laboratory, surgical, dental and other diagnostic and healing services, X-rays, medicine and drugs (as defined in subparagraph (2) of this paragraph, subject to the 1-percent limitation in paragraph (b) of this section), artificial teeth or limbs, and ambulance hire. However, an expenditure which is merely beneficial to the general health of an individual, such as an expenditure for a vacation, is not an expenditure for medical care. (v) The cost of in-patient hospital care (including the cost of meals and lodging therein) is an expenditure for medical care. The extent to which expenses for care in an institution other than a hospital shall constitute medical care is primarily a question of fact which depends upon the condition of the individual and the nature of the services he receives (rather than the nature of the institution). A private establishment which is regularly engaged in providing the types of care or services outlined in this subdivision shall be considered an institution for purposes of the rules provided herein. In general, the following rules will be applied: (a) Where an individual is in an institution because his condition is such that the availability of medical care (as defined in subdivisions (i) and (ii) of this subparagraph) in such institution is a principal reason for his presence there, and meals and lodging are furnished as a necessary incident to such care, the entire cost of medical care and meals and lodging at the institution, which are furnished while the individual requires continual medical care, shall constitute an expense for medical care. For example, medical care includes the entire cost of institutional care for a person who is mentally ill and unsafe when left alone. While ordinary education is not medical care, the cost of medical care includes the cost of attending a special school for a mentally or physically handicapped individual, if his condition is such that the resources of the institution for alleviating such mental or physical handicap are a principal reason for his presence there. In such a case, the cost of attending such a special school will include the cost of meals and lodging, if supplied, and the cost of ordinary education furnished which is incidental to the special services furnished by the school. Thus, the cost of medical care includes the cost of attending a special school designed to compensate for or overcome a physical handicap, in order to qualify the individual for future normal education or for normal living, such as a school for the teaching of braille or lip reading. Similarly, the cost of care and supervision, or of treatment and training, of a mentally retarded or physically handicapped individual at an institution is within the meaning of the term "medical care". (Emphasis supplied.)↩